FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 07 2010
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS MELE and VICTORIA MELE,

               Plaintiffs,

-against-

CEDAR CREEK FRIESIANS, EDWIN GRANQUIST
and SANDRA GRANQUIST,

               Defendants.
-----------------------------------------------------------X

Docket No.: CV-10-4056

**NOTICE OF REMOVAL**

BIANCO, J.
TOMLINSON, M.J.

S I R S:

      Defendants, CEDAR CREEK FRIESIANS, EDWIN GRANQUIST and SANDRA GRANQUIST, in the above-captioned action which was commenced in the Supreme Court of the State of New York for the County of Suffolk, give notice that they are removing this action from the Supreme Court of the State of New York, County of Suffolk, to this Court pursuant to 28 U.S.C.§1441.

      1.     A civil action has been commenced and is now pending against defendants in the Supreme Court of the State of New York, County of Suffolk, which action is entitled <u>Thomas Mele and Victoria Mele v. Cedar Creek Friesians, Edwin Granquist and Sandra Granquist</u>, bearing Index Number: 24872/10.

      2.     On or about August 24, 2010, defendants, CEDAR CREEK FRIESIANS, EDWIN GRANQUIST and SANDRA GRANQUIST received a Summons and Complaint, a copy of which is attached hereto as Exhibit "1." This document constitutes copies of all initial process, pleadings and other papers served upon such defendants in this action.

F:\CASES\17951\Removal Notice.wpd

3. The above-described action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by defendants under 28 U.S.C. §1332 and 28 U.S.C. §1441 in that:

    a. Upon information and belief, plaintiffs are residents and citizens of Suffolk County, State of New York.

    b. Defendant, CEDAR CREEK FRIESIANS, is an unincorporated business with its principal place of business in the State of Michigan.

    c. Defendants, EDWIN GRANQUIST and SANDRA GRANQUIST, are residents and citizens of the County of Menominee, State of Michigan..

    d. The incident in question took place in Suffolk County, New York.

    e. Initial pleadings in this matter were received by defendants, CEDAR CREEK FRIESIANS, EDWIN GRANQUIST and SANDRA GRANQUIST, on August 24, 2010.

    f. Upon information and belief, the amount in controversy herein allegedly exceeds $75,000 exclusive of interest and costs.

5. Accordingly, the parties are of diverse citizenship, the amount in controversy exceeds $75,000 exclusive of interest and costs, and Federal jurisdiction is appropriate pursuant to U.S.C. §1332.

WHEREFORE, the defendants, CEDAR CREEK FRIESIANS, EDWIN GRANQUIST and SANDRA GRANQUIST, give notice that the above-captioned action now pending against them in the Supreme Court of the State of New York for the County of Suffolk is removed to this Court.

F:\CASES\17951\Removal Notice.wpd

Dated: New York, New York
      September 2, 2010

                                    GARBARINI & SCHER, P.C.

                        By: _____
                                  WILLIAM G. SCHER (WS 2891)
                                  Attorneys for Defendants
                                  Office & P.O. Address
                                  432 Park Avenue South
                                  New York, NY 10016-8013
                                  (212) 689-1113
                                  wscher@garbarini-scher.com

TO:    CAVALIER & ASSOCIATES, INC.
          Attorneys for Plaintiffs
          144-1 Remington Boulevard
          Ronkonkoma, New York 11779
          (631) 439-2960

F:\CASES\17951\Removal Notice.wpd



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------X    Index No. 21872-10
**THOMAS MELE and VICTORIA MELE**

                              Plaintiffs,

                              **SUMMONS**

- against -

**CEDAR CREEK FRIESIANS, EDWIN GRANQUIST
and SANDRA GRANQUIST**

                            Defendants.

RECEIVED AUG 18 2010

FILED JUL 13 2010
Judith A. Pascale
CLERK OF SUFFOLK COUNTY

---------------------------------------X

**TO THE ABOVE NAMED DEFENDANT:**

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue designated is the residence of plaintiff THOMAS MELE, which is 20 West Bay Drive, West Islip, New York 11795.

Dated: Ronkonkoma, New York
       June 29, 2010

                                        CAVALIER & ASSOCIATES, PC
                                        Attorneys for Plaintiffs
                                        144-1 Remington Boulevard
                                        Ronkonkoma, New York 11779
                                        (631) 439-2960

Defendants' Addresses:

| | |
|---|---|
| CEDAR CREEK FRIESIANS<br>N16460 Twp Line Rd<br>Wilson, M.I. 49896 | EDWIN GRANQUIST<br>N16460 Twp Line Rd<br>Wilson, M.I. 49896 |
| SANDRA GRANQUIST<br>N16460 Twp Line Rd<br>Wilson, M.I. 49896 | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X   Index No 24872-10
THOMAS MELE and VICTORIA MELE,

                Plaintiffs,

- against -

**VERIFIED COMPLAINT**

CEDAR CREEK FRIESIANS, EDWIN GRANQUIST
and SANDRA GRANQUIST,

**FILED**

                Defendants.

JUL 13 2010

------------------------------------------------------------X

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, THOMAS MELE

1. Plaintiffs, THOMAS MELE and VICTORIA MELE, are residents of the County of Suffolk, and State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of Michigan.

3. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, was and still is a partnership duly organized and existing under and by virtue of the laws of the State of Michigan.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, was and still is a Limited Liability Company existing under and by virtue of the laws of the State of Michigan.

5. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, was and still is doing business in the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, regularly does or solicits business, or engages in

any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, expects or should reasonably expect the act to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

8. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, was and still is an unincorporated business existing under and by virtue of the laws of the State of Michigan.

9. Upon information and belief, at all times hereinafter mentioned, the defendants, EDWIN GRANQUIST and SANDRA GRANQUIST, were the owners of the business known as and by the address of N16460 Twp Line Road, Wilson, M.I. 49896.

10. Upon information and belief, at all times hereinafter mentioned, the defendant, CEDAR CREEK FRIESIANS, was a lessee of the premises known as and by the address of N16460 Twp Line Road, Wilson, M.I. 49896.

11. Upon information and belief, at all times hereinafter mentioned, the defendants, EDWIN GRANQUIST and SANDRA GRANDQUIST, operated, maintained and controlled and had the care and charge of the aforementioned premises.

12. On or about February, 2010, Defendants advertised for sale a horse known by the name of Kaeilka. In said advertisement Defendants claimed that Kaeilka was "very sweet and gentle and very smart". Defendants further claimed that Kaeilka was "very correct, has animated, reaching and beautiful gaits". The advertisement went on to indicate that Kaeilka "is very much a people horse, loving attention with no bad habits, loads, stands for the farrier and the vet". A copy of said advertisement is annexed hereto

as Exhibit "A".

13. On or about February, 2010, the Plaintiff, THOMAS MELE, purchased the horse hereinafter known as "Kaeilka". A copy of the cashed check is annexed hereto as Exhibit "B".

14. On or about February, 2010, Kaeilka was transported to Pennsylvania where Plaintiff, THOMAS MELE, was waiting to bring Kaeilka to New York, when Plaintiff noticed that when removed from the transporter Kaeilka seemed very calm to the point that Plaintiff asked the transport company if Kaeilka had been drugged. Their response, "no, she was not".

15. On or about February, 2010, Kaeilka was given several weeks to adjust to the new surroundings, but each day showed increased excitement and was very skittish.

16. On or about February, 2010, Plaintiff placed several calls to the Defendants with concerns of the increasing aggression Kaeilka was showing and was told by Defendants that "she was just fine".

17. On or about March 20, 2010, the Plaintiff, THOMAS MELE, while attempting to ride Kaeilka was thrown from the horse and then and there caused to sustain personal injuries as a result of the negligence, carelessness, recklessness and misrepresentation of the defendants as hereinafter set forth.

18. Upon information and belief, at all times hereinafter mentioned, the defendants owed a duty to the general public, and, particularly to the Plaintiff herein to be truthful and trustworthy in their advertising.

19. The defendants were negligent in its ownership, operation, management, maintenance, care and control of the aforementioned horse with regard to the following: in falsely advertising that the horse had a "very sweet and gentle" demeanor; in falsely stating that the horse was "just fine" upon Plaintiff's inquiry of the growing aggressive the

horse showed; and in failing to give adequate warning or other notice of the dangers in attempting to ride the horse; all of which the defendant had or should have had notice and/or knowledge of; and in general in that the defendants failed to use that degree of care and caution warranted under all of the surrounding circumstances.

20. Solely by reason of the aforesaid, the Plaintiff, THOMAS MELE, sustained severe personal injuries to and about his back, limbs and body.

21. Solely by reason of the aforesaid, the Plaintiff, THOMAS MELE, became sick, sore, and disabled; the Plaintiff, THOMAS MELE, suffered and continues to suffer from great physical pain and mental anguish; Plaintiff has been informed and anticipates that future suffering will exist and will be permanent with permanent pain, discomfort, limitation of movement, disfigurement, and disability.

22. Solely by reason of the aforesaid, the Plaintiff, THOMAS MELE, was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come.

23. Solely by reason of the aforesaid, the Plaintiff, THOMAS MELE, was unable to attend to his usual duties and occupation for sometime; upon information and belief plaintiff will be unable to do so or limited from doing so permanently or for sometime in the future.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, VICTORIA MELE

24. Plaintiffs, THOMAS MELE and VICTORIA MELE, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "19", inclusive, of this complaint with the same force and effect as if fully set forth and at length herein.

25. Solely by reason of the aforesaid, the Plaintiff, VICTORIA MELE, has been caused to suffer the loss of society, services and companionship of her husband, the Plaintiff, THOMAS MELE, and was caused to expend diverse sums of money for medical expenses and treatment to cure him of his ailments; upon information and belief, this Plaintiff will be obliged to do so for some time in the future.

26. Solely by reason of the aforesaid, the Plaintiff, VICTORIA MELE, has sustained damages and loss of services, society, companionship and medical expenses.

**WHEREFORE**, Plaintiff, THOMAS MELE demands judgment against the defendants on the first cause of action for money damages; Plaintiff, VICTORIA MELE demands judgment against the defendants on the second cause of action for money damages; the sum demanded herein exceeds the jurisdictional limits of all lower courts; all together with the costs and disbursements of this action.

Yours, etc.,

By: George T. Ostrowski, Esq.
Attorney for Plaintiffs
THOMAS MELE and VICTORIA MELE
144-1 Remington Blvd.
Ronkonkoma, New York 11779
(631) 439-2960
File No. 928

# VERIFICATION

STATE OF NEW YORK )
                  )ss.:
COUNTY OF SUFFOLK )

THOMAS MELE, being duly sworn, says: I am the plaintiff in the action herein; I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters which are stated to be alleged on information and belief, and so to those matters I believe them to be true.

_____
THOMAS MELE

Sworn to before me this
29th day of June, 2010.

_____
NOTARY PUBLIC

**PATRICIA MOWBRAY**
Notary Public, State of New York
No. 01MO4811371
Qualified in Suffolk County
Commission Expires March 30, 2014